No. 648

DIRION v. BREWER, Admr., et

Ohio Appeals, 8th Dist., Cuyahoga Co.

Decided June 22, 1925

261. COMMON LAW MARRIAGE—Even though parties co-habited illicitly, if they agreed to live together as man and wife, followed by present co-habitation, the relationship would constitute a common law marriage.

480. EVIDENCE—Statement before death of mother, that child was legitimate, held competent as exception to hearsay rule.

949. PRESUMPTIONS—Presumption of legitimacy of children favored.

VICKERY, J.

This cause came into the Court of Appeals on appeal. The record disclosed that Henry F. Scheips co-habited with Carrie Koop, who was much younger than himself. A child was born of this relationship, Josephine Dirion, who seeks to inherit the property of her father, he dying intestate.

The question for the court to determine was whether or not said Josephine Dirion was born in wedlock or is an illegitimate child.

The Court of Appeals held:

1. Common law marriages are recognized as valid in Ohio.

2. If Dirion is an illegitimate child she is not entitled to inherit from her father; if she is a legitimate child, she would be her father's heir at law, he dying intestate.

3. The relationship between the father and mother started out with being illicit.

4. Proof of co-habitation, and reputation of the parties shall be competent testimony to prove such marriage, and may be, within the discretion of the court, sufficient evidence thereof.

5. This rule should apply when it comes to a question of making legitimate or bastardizing an innocent product of such relationship.

6. There was testimony that Scheip stated that he had married Carrie Koop as he agreed to do under an agreement with Carrie's sister.

7. The statement of Carrie Koop, the mother, before she died, that she was married before Josephine was born, was competent, being an exception to the hearsay rule, as it was a statement of a deceased ancestor relating to the birth of a child.

8. By words of both parties, it is clear that they were married prior to the birth of the child and that the child was born in lawful wedlock. That might have been a common law marriage or a statutory marriage as far as the record shows.

9. Josephine Dirion was therefore a legitimate child and entitled to inherit from her father.

Decree accordingly.

Attorneys—Grossman & Grossman and Payer, Winch, Minshall & Karch for Dirion; White Hammond, Brewer & Curtiss for Brewer et; all of Cleveland.